UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| L.W. Benjamin, | ) | C/A No. 0:07-641-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| William M. Brice Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The plaintiff, L. W. Benjamin ("Plaintiff"), proceeding *pro se*, attempts to remove a case from the State court to this District Court.[1] The Complaint alleges the defendant violated the Plaintiff's civil rights. Plaintiff's attempt to remove a State court case to this District Court fails, and the Complaint, if liberally construed as a civil rights action under § 1983, should be dismissed for failure to state a claim upon which relief may be granted. The Complaint in this case is frivolous, and therefore, Plaintiff's motion to proceed *in forma pauperis* should be denied.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## **Background**

Plaintiff files a Complaint in which he requests that his State court civil action be removed to this District Court pursuant to Federal Rule 81(c). The Complaint states, in relevant part [verbatim]:

> 3. COMPLAINT: The plaintiff, is asking that his Case No. 02-CP-46-02285 In the Sixteen Judicial Circuit In the County of York, State of South Carolina, be moved

>to the Unite State District Court Columbia Division. 4. It is alleged that the above defendant is in violation of the plaintiff, Civil Rights in that the defendant refuses to give the plaintiff, his monies from the sale of his property. It is also clear that the plaintiff, can not get a Jury Trial in the above Court pretaining to this matter.

Plaintiff has filed several prior cases in this Court, one against the same defendant, involving the underlying incident of the sale of Plaintiff's property and related State court cases.[2] *See Benjamin v. Bolt*, C/A No. 3:99-62-DWS-JRM ("Benjamin One"); *Benjamin v. First Union National Bank of SC*, C/A No. 0:01-0464-DWS-JRM ("Benjamin Two"); *Benjamin v. County of York*, C/A No. 0:01-473-DWS-JRM ("Benjamin Three"); *Benjamin v. York*, C/A No. 0:04-1158-JFA-JRM ("Benjamin Four").

In Benjamin One, filed January 7, 1999, Plaintiff brought suit against an attorney and the case was dismissed without prejudice for lack of subject matter jurisdiction. In Benjamin Two, filed February 20, 2001, Plaintiff brought suit against the bank that held a mortgage on Plaintiff's property. Plaintiff alleged the bank did not have a mortgage on part of the property, which he sold, but did not receive proceeds from the closing attorney. Benjamin Two reveals that the defendant in the current case, William M. Brice, Jr., is the attorney who performed the closing on the sale of the property Plaintiff contends was not subject to the mortgage with the bank. Benjamin Two was dismissed without prejudice for lack of subject matter jurisdiction. In Benjamin Three, also filed February 20, 2001, Plaintiff brought suit against the County of York, claiming his right to a trial by jury was violated by a summary judgment dismissal order entered by the State court located in York County. Benjamin Three was dismissed without prejudice based on the *Rooker-Feldman* doctrine that prohibits review of a State court order by a federal district court. In Benjamin Four, filed April

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See Fletcher v. Bryan*, 175 F2d 716 (4th Cir. 1949).

3

14, 2004, Plaintiff sued the County of York again, and the defendant in the current case, William Brice. Benjamin Four again claimed Plaintiff's right to a jury trial was denied by the defendants. Benjamin Four was also dismissed without prejudice based on the *Rooker-Feldman* doctrine.

## Discussion

1. Removed Case

Plaintiff attempts to remove a closed State court action in which he is the plaintiff. Plaintiff references Rule 81(c) of the Federal Rules of Civil Procedure, but the Court's jurisdiction over removed cases is established by statute. 28 U.S.C. § 1446. The procedure for removal established in 28 U.S.C. § 1446(a) provides, in part, that a "defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." By the clear terms of the statute, only a *defendant* in the State court proceeding may properly remove a case to the district court. A *plaintiff* in a State court proceeding cannot remove the case to a federal district court. The statute also requires that the case be pending. The Complaint in this case is seeking to remove "Case No. 02-CP-46-02285." In Plaintiff's prior case, Benjamin Four, Plaintiff raised an issue involved in the same State court proceeding (Case No. 02-CP-46-02285), and indicated the case was closed based on a judgment for the defendant. Even a defendant cannot remove a case that has been closed. In fact, both prior cases Benjamin Three and Benjamin Four were dismissed based on the Rooker-Feldman doctrine that this District Court cannot review the final decision of a State court, which was explained to Plaintiff. Once again, Plaintiff attempts to have this District Court review a closed State court case. Plaintiff's "request that federal rule of civil procedure 81(c) be applied to the Complaint" cannot be granted, and does not invoke the jurisdiction of this Court.

Plaintiff cannot use federal removal procedures to obtain review of his State court case.

2. Civil Rights Complaint

The Complaint also claims "defendant is in violation of the plaintiff, Civil Rights in that the defendant refuses to give the plaintiff, his monies from the sale of his property. It is also clear that the plaintiff, can not get a Jury Trial in the above Court pretaining to this matter." Compl. at 2. The Complaint could be liberally construed to be claiming violation of civil rights pursuant to 42 U.S.C. § 1983.[3] To state a claim under 42 U.S.C. § 1983, Plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United Sates was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Complaint fails to allege the violation of a federal right by the defendant. Plaintiff's allegations that the defendant "refuses to give the plaintiff, his monies from the sale of his property," at most, raises possible state law issues. As explained to Plaintiff in Benjamin Two, this federal District Court has limited jurisdiction to hear state law claims, and as in Benjamin Two, the Complaint in this case does not present facts that establish diversity or pendent jurisdiction. The Complaint's allegation that "the plaintiff, can not get a Jury Trial in the above Court pretaining to this matter" does not state a claim against the defendant, who would have no control over whether Plaintiff received a jury trial or not. The Complaint fails to state the violation of a federal right, but also fails to allege action under color of state law. A private attorney does not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). Since Plaintiff's allegations do not

---

[3] Title 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" See *Albright v. Oliver*, 510 U.S. 266, 271 (1994), quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979).

establish this defendant violated a federal right and acted under color of state law, Plaintiff cannot maintain a § 1983 action against him. The Complaint should be dismissed for failure to state a claim on which relief can be granted.

### 3. Deny Proceeding *In Forma Pauperis*

Plaintiff has applied to proceed *in forma pauperis*, but his request should be denied. The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee. The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[4]

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under §1915. *Graham v. Riddle*, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, 35 S. Ct. 236, 238, 59 L. Ed. 457 (1915).

*See also Liles v. South Carolina Dept. of Corrections*, 414 F.2d 612, 613 (4th Cir 1969); *U. S. v. Gregg*, 393 F.2d 722, 723 (4th Cir.1968). Under *Graham v. Riddle*, 554 F. 2d at 134, "included within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous." The Complaint in this case presents factually and legally deficient claims, therefore it is frivolous. The clear language of the statute establishing removal procedures indicates that the statute does not apply in Plaintiff's case. Also, Benjamin One explained that no jurisdiction existed

---

[4] In this frivolous case, summonses will not be issued unless service is ordered by the District Court Judge.

over Plaintiff's federal action against a private attorney. In Benjamin Two, Plaintiff was more fully informed of the federal courts' limited subject matter jurisdiction. Yet Plaintiff again files an action in this Court concerning the same underlying allegations related to the proceeds from the sale of property. Plaintiff has been given notice in prior cases of this Court's limited jurisdiction and the necessity to present claims capable of being addressed by this federal court. Plaintiff, however, filed another frivolous Complaint to pursue the same issues. Plaintiff continues to inappropriately use judicial resources on this subject, and should be required to pay the filing fee in this action, rather than be allowed to file another frivolous action with no consequences. Therefore, it is recommended that the Plaintiff's motion to proceed *in forma pauperis* be denied.

## **Recommendation**

Accordingly, it is recommended that the District Court **dismiss** the Complaint in this case *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(i).

It is further recommended that Plaintiff's Application to Proceed Without Prepayment of Fees (*in forma pauperis*) be **denied**, and he be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

Plaintiff's attention is directed to the notice on the following page.

Respectfully Submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

April 9, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).